· SCHULTZ v. BERGER   et ux.

(Supreme Court, Appellate Term.   May 17, 1900.)

PARTNERSHIP—EVIDENCE—SUFFICIENCY.
  Plaintiff had for a long time sold goods to the husband, and rendered bills to him in his individual name, and produced no evidence of a partnership between the husband and wife. Defendants swore positively that there was no partnership. *Held*, that there was no evidence to justify a judgment against the wife, though some of the circumstances under which the business was carried on, coupled with the relationship of the parties, warranted a suspicion that they might have been partners.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by David Schultz against Max Berger and Carrie Berger for goods sold and delivered. There was a judgment for plaintiff, and defendant Carrie Berger appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Maurice H. Gotlieb, for appellant.

A. B. Jaworower, for respondent.

PER CURIAM. This is an appeal by the defendant Carrie Berger from a judgment rendered against her in a municipal court. The pleadings were oral, and the complaint was for goods sold and delivered. It was sought to hold the defendants jointly, but it was not, in terms, alleged that they were partners, or that the defendant Max Berger acted as agent for his wife. The plaintiff did not produce any evidence of a partnership between the defendants, and it appeared that he had for a long time sold goods to the defendant Max Berger, and rendered bills to him under the name of M. E. Berger; the bill of particulars in this very case being in the form of a bill against M. E. Berger. Both defendants swore positively that there was no partnership between them, each pursuing a separate business. While some of the circumstances under which the business was carried on, coupled with the relationship of the parties, warrant a suspicion that they may really be co-partners, there is no proof of the fact, and a mere suspicion cannot be allowed to prevail against their positive and uncontradicted testimony. There was no evidence to justify a judgment against the appellant, Carrie Berger, and as to her the judgment must be reversed, and a new trial ordered, with costs to her to abide the event. Judgment as to Max Berger affirmed, with costs.